Filed 12/12/14  P. v. Cockren CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065805 |
| v. | (Super. Ct. Nos. BF135009A, BF139194A & BF140612A) |
| ALLEN DEE COCKREN, | |
| Defendant and Appellant. | **OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P.J., Poochigian, J., and Peña, J.

In case No. BF135009A appellant, Allen Dee Cockren, pled guilty to transportation of methamphetamine (count 2/Health & Saf. Code, § 11379, subd. (a)), possession of methamphetamine while armed with a loaded firearm (count 3/Health & Saf. Code, § 11370.1, subd. (a)), and possession of a firearm by a felon (count 4/former Pen. Code, § 12021, subd. (a)(1))[1] and he admitted two prior prison term enhancements (§ 667.5, subd. (b)).  In case No. BF139194A Cockren pled guilty to possession for sale of methamphetamine (count 2/Health & Saf. Code, § 11378).  In case No. BF140612A Cockren pled no contest to failure to appear on a felony (§ 1320.5).

Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On December 23, 2010, at approximately 12:36 a.m. Cockren was the front seat passenger in a car driven by Marisabell Alvarado that was stopped by Bakersfield Police Officer Amy Newman for a traffic violation.  After determining that Alvarado had an outstanding misdemeanor warrant Newman called for backup.  When Officer Casey Grogan arrived on the scene Newman obtained consent to search the car from Alvarado and she removed her from the car.

Officer Grogan noticed that Cockren had perspiration on his forehead, he was wearing a bulky jacket, and he kept looking around.  Officer Grogan asked him to step out of the car.  As Cockren got out of the car he bumped his chest against the officer. Officer Grogan then grabbed Cockren and spun him around so he faced the car.  He patted Cockren down and discovered a stolen pistol tucked in Cockren's waistband. During the search of the car, the officers found three baggies on the front passenger's seat and one between the console and the front passenger's seat that contained a total of 12.6

---

[1]    Unless otherwise indicated, all further statutory references are to the Penal Code.

2

grams of methamphetamine. When asked about the baggies, Cockren said, "What's there to say, you guys found what you found." Cockren, however, also stated that the methamphetamine was for personal use and that it did not belong to Alvarado or the other passenger. The officers also found a small amount of marijuana and $465 in currency in Cockren's pockets. At the police station an officer found a glass pipe and a bindle containing a small amount of methamphetamine in Cockren's jacket (case No. BF135009A).

On March 30, 2011, in case No. BF135009A the district attorney filed an information charging Cockren with the three charges he pled to in that case and one count each of possession for sale of methamphetamine (count 1/Health & Saf. Code, § 11378), carrying a loaded firearm in a public place or vehicle (count 5/former § 12031, subd. (a)(2)(F)), possession of a smoking device (count 6/Health & Saf. Code, § 11364, and three prior prison term enhancements. Counts 1 and 2 also alleged an arming enhancement (§ 12022, subd. (c)).

On April 15. 2011, Cockren filed a motion to suppress the evidence obtained during the December 23, 2010, traffic stop.

On July 27, 2011, the court denied the motion.

On October 6, 2011, the court granted the prosecutor's motion to amend the information to correct the dates for Cockren's prior convictions.

Around midnight on October 21, 2011, Cockren was riding a bicycle in Bakersfield when he was stopped by a police officer. During a consent search of his person an officer found two baggies containing a total of 2.87 grams of methamphetamine and $200 in currency (case No. BF139194A).

On November 3, 2011, in case No. BF139194A the district attorney filed a complaint charging Cockren with transportation of methamphetamine, possession for sale of methamphetamine, and three prior prison term enhancements.

3

On November 7, 2011, Cockren entered his plea in case Nos. BF135009A and BF139194A as previously noted in exchange for a maximum sentence of seven years four months and the dismissal of the remaining counts and allegations. The court also released him from custody with a *Cruz* waiver.[2]

On January 12, 2012, Cockren failed to appear for sentencing in case Nos. BF135009A and BF139194A (case No. BF140612A).

On February 2, 2012, the district attorney filed a complaint in case No. BF140612A charging Cockren with two counts of failing to appear (counts 1 & 2/§ 1320.5), an on-bail enhancement (§ 12022.1) in each count and three prior prison term enhancements.

On June 28, 2012, Cockren pled no contest to count 1 in case No. BF140612A in exchange for an eight-month term that would run consecutive to the sentence imposed in the other two cases and the dismissal of the remaining count and enhancements.

On August 9, 2012, the court sentenced Cockren to an aggregate prison term of eight years consisting of the upper term of four years on his transportation of methamphetamine conviction (count 2) in case No. BF135009A, a stayed, concurrent four-year term on count 3 in that case, a consecutive eight-month term on count 4 in that case, a consecutive eight-month term on count 2 of case No. BF139194A, and a consecutive eight-month term on count 1 of case No. BF140612A, and two one-year prior prison term enhancements.

Cockren's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Cockren has not responded to this court's invitation to submit additional briefing.

---

[2] *People v. Cruz* (1988) 44 Cal.3d 1247.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.